One year (50 issues) Payable in Advance.......$15.00
Single Numbers ................................ .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25).......$15.00
No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

Address all mail communications to P. O. Box 2455, Cleveland, O.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

### OHIO CASE LAW CITATIONS

The publication of which we begin this week in the Abstract brings your library up to date and gives you the quickest, surest and safest insight into the instant value of many Ohio authorities. In their new form, they name the subjects involved and give the result of each consideration and thus aid users in their research work.

(Continued from page 109)

### No. 138

#### NAT'L. LIFE & ACC. INS. CO. v. RAY

No. 20218. Supreme Court

On motion to certify. Dock. 12-19-26, 4 Abs. 867.

First Publication of this Case

1247. WAIVER—Does company waive requirements in policy that upon revival after lapse, evidence must be presented as to sound health, of the assured when the agent of the Company accepts premiums covering the time for which no payments were made; and no action is taken by the company until death of the insured who was in a hospital, unknown to the Company?

The policy of insurance involved herein lapsed for non-payment of premiums on Mar. 3, 1924, the premiums having been in default four weeks whein the policy expired under its terms. On April 12, 1924, Lillie Ray, who was the wife of the insured and beneficiary under the policy paid $3.00, being the amount of premiums for 12 weeks.

The policy required, in reference to revival for "presentation of evidence satisfactory to the Company of the sound health of the assured." It is claimed that no evidence was submitted in compliance with this requirement an dthat James Ray, the insured on April 12, 1924, was a patient in a hospital, unknown to the Company at the time, suffering from tuberculosis, from which he died April 29, 1924.

The Lucas Common Pleas directed a verdict in favor of the Company in an action on the policy in that court. The Court of Appeals reversed the judgment and the case is taken to the Supreme Court on a motion to certify. It is claimed that there was no showing of any authority on part of the Company's agent to receive premiums in default for more than four weeks; and that the contract of insurance negatives the existence of any such authority.

It is claimed that the Company did not waive the requirements as to proof of sound health for it did not know of the illness of the insured. It is urged that a waiver is the intentional relinquishment of a known right, and that a party will be held to a waiver only where he has knowledge of the essential and important facts upon which his conduct is based.

Attorneys—Tracy, Chapman & Welles for Company; Warren L. Smith for Ray; all of Toledo.

### No. 139

#### BREEM v. STATE

No. 20199. Supreme Court

On motion to certify. Dock. Nov. 30, 1926, 4 Abs. 805.

First Publication of this Case

661. INTOXICATING LIQUORS—Can one be convicted of unlawful possession of intoxicating liquors upon the ground that a bottle of liquor was found in a grate at his home where his wife keeps boarders and one of said boarders was arrested at the time for possession, not more than ten feet from the grate?

Morgan Breem's wife conducted a rooming and boarding house at their home; that while Breem was absent from his home, four Zanesville police officers made a raid at this boarding house and took from the person of one of the boarders, a man by name of Hathaway, who was at the boarding house at the time of the raid, a pint bottle of liquor; and at the same time found a half pint bottle of liquor in a chimney grate in the dining room, which grate was within ten feet of where Hathaway was standing when the other bottle was taken from him.

Hathaway was arrested at the time, and plead guilty to possession of intoxicating. liquor. Breem, was not arrested until some time after the raid. No claim was made that he had any connection with the pint bottle found on Hathaway. The charge against Breem was based on the bottle found in the grate in his absence.

The evidence showed that while Breem lived at this house with his wife, various roomers and boarders had access to this house, in the dining room of which the bottle was found. There was no evidence whatever that Breem had any knowledge either of the liquor found in the grate in the dining room or of the liquor taken from Hathaway, or that he had any knowledge or connection with the pos-

session by Hathaway of the liquor, or any knowledge that the liquor was in the house.

Breem contends in the Supreme Court:

That the legal presumption of innocence can be overcome only by full proof as will exclude all reasonable doubt of the guilt of the accused, and where a criminal charge is to be proved by circumstantial evidence the proof ought to be not only consistent with the prisoners guilt, but inconsistent with any other rational conclusion.

Attorneys—J. C. Bassett for Breem; C. J. Crossland for State; both of Zanesville.